**Eliot M. Harris, OSB #116968**
WILLIAMS, KASTNER & GIBBS PLLC
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967
Fax: (503) 222-7261
eharris@williamskastner.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CENTURY SURETY COMPANY**, an Ohio corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>**PTC, INC.**, an Oregon business corporation;<br>**LEE WORKS**, an Oregon Resident;<br><br>       Defendants. | **Case No.**<br><br>PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT<br><br>28 U.S.C. §1332 |

## PARTIES

1.     Plaintiff Century Surety Company (hereinafter "Century") is an Ohio corporation with its principal place of business in Michigan.

2.     Defendant PTC, Inc. (hereinafter "PTC") is an Oregon business corporation.

3.     Defendant Lee Works (hereinafter "Claimant") is an Oregon resident.

Page 1 -     PLAINTIFF'S COMPLAINT FOR
               DECLARATORY JUDGMENT

6047056.1

## VENUE AND JURISDICTION

4.      The U.S. District Court of Oregon has jurisdiction pursuant to 28 U.S.C. §1332. There is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

5.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as a substantial part of the events giving rise to the claim occurred in Deschutes County, Oregon.

## FACTS

**A.      Insurance Policies**

6.      Century issued a Commercial Lines Policy, No. CCP 833469, to PTC, with the effective dates of December 1, 2013 to December 1, 2014 (the "Policy").  Attached hereto as **Exhibit A** is a copy of the Policy.

7.      The Policy was cancelled on or about November 11, 2014 for nonpayment of premium.

8.      The Policy has a $1,000,000 per occurrence policy limit and $2,000,000 general aggregate policy limit for commercial general liability coverage, and a $1,000,000 per occurrence and aggregate policy limit for liquor liability coverage.

9.      The Policy contains a section on commercial general liability coverage, which provides, in part, as follows:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization

Page 2 -    PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

6047056.1

qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II — Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V — Definitions.

**SECTION I — COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

    **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        **(1)** The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and

        **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages A and B.

    **b.**  This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

* * *

Page 3 -  PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

10.     The Policy also contains an endorsement to the commercial general liability coverage, which provides as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**LIMITATION OF COVERAGE TO SPECIFIED CLASSIFICATIONS, OPERATIONS, PREMISES, OR PROJECTS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Class Code(s): | Class Description(s) |
|---|---|
| 16916 | Restaurants-with sale of alcoholic beverages that are 30% or more of but less than 75% of the total annual receipts of the restaurants-without dance floor |

| **Operation(s):** |
|---|
| Bar/Tavern |

| **Permises:** |
|---|
| 932 NW Bond Street<br>Bend, OR 97701 |

| **Project(s):** |
|---|
|  |

**A.** The following new part is added to Section I — Coverages, Coverage A. Bodily Injury and Property Damage Liability, item 1. Insuring Agreement subparagraph b.

**1. b.** This insurance applies to "bodily injury" and "property damage" only if:

The "bodily injury" or "property damage" arise from:

**(a)** The classifications and descriptions shown above; and

**(b)** The operations shown above; and

Page 4 -     PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

If also scheduled above

**(c)** The ownership, maintenance or use of the premises shown above and operations necessary or incidental to those premises; and/or

**(d)** The project shown above.

11.    The Policy contains the following definitions in the commercial general liability coverage:

**SECTION V — DEFINITIONS**

\* \* \*

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

12.    The Policy contains the following exclusions in the commercial general liability coverage:

**2.    Exclusions**

This insurance does not apply to:

**a.** Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

13.    The Policy contains an endorsement that applies to the commercial general liability coverage as follows:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

Page 5 -    PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

## SPECIAL EXCLUSIONS AND LIMITATIONS ENDORSEMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A. In consideration of the premium charged this policy has been issued subject to the following exclusions being added to Coverages A & B:**

This insurance does not apply to:

* * *

**4. Criminal Acts**

    **a.** "Bodily injury" or "property damage" arising out of or resulting from a criminal act committed by any insured, including any additional insureds or

    **b.** "Bodily injury" or "property damage" arising out of or resulting from a criminal act at the direction of any insured, including any additional insureds.

* * *

**B. It is agreed that the following exclusions from Section I Coverages are changed as shown below:**

**1. Liquor Liability**

Exclusion c., Liquor Liability of Section I Coverages, Coverage A 2. Exclusions, is deleted and entirely replaced with the following:

**c. Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

    **a.** Causing or contributing to the intoxication of any person; or

    **b.** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

6047056.1

**c.** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you:

**a.** Are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages; or

**b.** Sell, otherwise provide, or make available alcoholic beverages as a regular part of your business or operations otherwise covered by this policy.

\* \* \*

**D. It is agreed that the following changes are made to SECTION V — DEFINITIONS:**

The following definitions are deleted and entirely replaced:

**1. Item 5. "Employee" is deleted in its entirety and replaced by the following:**

5. "Employee" includes a "leased worker", a "temporary worker" and a "volunteer worker".

\* \* \*

**3. Item 13. "Occurrence" is deleted in its entirety and replaced with the following:**

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All "bodily injury" or "property damage" arising out of an "occurrence" or series of related "occurrences" is deemed to take place at the time of the first such damage or injury even though the nature and extent of such damage or injury may change; and even though the damage may be continuous, progressive, cumulative, changing or evolving; and even though the "occurrence" causing such "bodily injury" or "property damage" may be continuous or repeated exposure to substantially the same general harmful conditions.

Page 7 -    PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

\* \* \*

**6. Item 20. "Volunteer worker" is deleted in its entirety and replaced with the following:**

20. "Volunteer worker" means a person who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

14.    The Policy contains an endorsement that applies to the commercial general liability coverage as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ACTION OVER EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is agreed that the following change is made to Coverage A. 2. Exclusions:

Exclusion **e. Employer's Liability** is deleted in its entirety and replaced with the following:

**e. Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the named insured arising out of and in the course of:

**(a)** Employment by the named insured; or

**(b)** Performing duties related to the conduct of the named insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

Page 8 -    PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

6047056.1

This exclusion applies:

    **(1)** Whether the named insured may be liable as an employer or in any other capacity; and

    **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

15.    The Policy contains a section on liquor liability coverage, which provides, in part, as follows:

### LIQUOR LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and our refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II — Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V — Definitions.

### SECTION I — LIQUOR LIABILITY COVERAGE

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury' is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply. We may, at our discretion, investigate any "injury" and settle any claim or "suit" that may result.

Page 9 -    PLAINTIFF'S COMPLAINT FOR
                DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

6047056.1

**(1)** The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

\* \* \*

## SECTION II — WHO IS AN INSURED

\* \* \*

**2.** Each of the following is also an insured:

**a.** Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business....

\* \* \*

16.    The Policy contains the following exclusions to the liquor liability coverage:

## 2. Exclusions

This insurance does not apply to:

\* \* \*

**c. Employers Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's business; or

Page 10 -  PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the "injury".

\* \* \*

17.     The Policy contains an endorsement to the liquor liability coverage, which provides, in part, as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**LIQUOR LIABILITY AMENDATORY ENDORSEMENT**

This endorsement modifies insurance provided under the following:

LIQUOR LIABILITY COVERAGE PART

**SCHEDULE**

| |
|---|
| **Description and Location of "Insured Premises":**<br>Bar/Tavern<br>932 NW Bond Street<br>Bend, OR 97701 |

\* \* \*

**C.** Section I - Liquor Liability Coverage, paragraph 2. Exclusions, sub-paragraph a., Expected or Intended Injury, is deleted in its entirety and replaced with the following:

**a. Expected or Intended Injury**

This insurance does not apply to "injury" expected or intended from the standpoint of any insured.

\* \* \*

Page 11 -   PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

**G.** It is agreed that the following changes are made to Section V - Definitions:

**1.** Paragraph 3. , "Employee" is deleted in its entirety and replaced by the following:

"Employee": includes a "leased worker", a "temporary worker" and a "volunteer worker".

**2.** The following definition is added:

"Volunteer Worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other cornpensation by you or anyone else for their work performed for you.

All other terms and conditions of this policy remain unchanged.

18.    The Policy contains an endorsement in the liquor liability coverage that provides

as follows:

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

### EXCLUSION - ASSAULT AND BATTERY

This endorsement modifies insurance provided under the following:

### LIQUOR LIABILITY COVERAGE PART

**1.** This insurance does not apply to "injury", "bodily injury" or "property damage" arising out of or resulting from:

**(a)** any actual, threatened or alleged assault or battery;

**(b)** the failure of any insured or anyone else for whom any insured is or could be held legally liable to prevent or suppress any assault or battery;

**(c)** the failure of any insured or anyone else for whom any insured is or could be held legally liable to render or secure medical treatment necessitated by any assault or battery;

**(d)** the rendering of medical treatment by any insured or anyone else for whom any insured is or could be held legally liable that was necessitated by any assault or battery;

**(e)** the negligent:

Page 12 -  PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

**(i)** employment;
**(ii)** investigation;
**(iii)** supervision;
**(iv)** training;
**(v)** retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by 1. (a), (b), (c) or (d) above;

**(f)** any other cause of action or claim arising out of or as a result of 1. (a), (b), (c), (d) or (e) above.

**2.** We shall have no duty to defend or indemnify any claim, demand, suit, action, litigation, arbitration, alternative dispute resolution or other judicial or administrative proceeding seeking damages, equitable relief, injunctive relief, or administrative relief where:

**(a)** any actual or alleged "injury", "bodily injury" or "property damage" arises out of any combination of an assault or battery-related cause and a non-assault or battery-related cause.

**(b)** any actual or alleged "injury", "bodily injury" or "property damage" arises out of a chain of events which includes assault or battery, regardless of whether the assault or battery is the initial precipitating event or a substantial cause of "injury", "bodily injury" or "property damage".

**(c)** any actual or alleged "injury", "bodily injury" or "property damage" arises out of assault or battery as a concurrent cause of "injury", "bodily injury" or "property damage" regardless of whether the assault or battery is the proximate cause of "injury", "bodily injury" or "property damage".

**3.** For the purposes of this endorsement the words assault and battery are intended to include, but are not limited to, sexual assault.

19.    The commercial general liability coverage in the Policy limits Century's

obligation to pay for covered damages as follows:

**SECTION III — LIMITS OF INSURANCE**

**1.** The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

**a.** Insureds;

**b.** Claims made or "suits" brought; or

Page 13 -  PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

    **c.** Persons or organizations making claims or bringing "suits".

**2.** The General Aggregate Limit is the most we will pay for the sum of:

    **a.** Medical expenses under Coverage C;

    **b.** Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

    **c.** Damages under Coverage B.

**3.** The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".

**4.** Subject to Paragraph 2. above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages because of all "personal and advertising injury" sustained by any one person or organization.

**5.** Subject to Paragraph 2. or 3. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

    **a.** Damages under Coverage A; and

    **b.** Medical expenses under Coverage C because of all "bodily injury" and "property damage" arising out of any one "occurrence".

**6.** Subject to Paragraph 5. above, the Damage To Premises Rented To You Limit is the most we will pay under Coverage A for damages because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.

**7.** Subject to Paragraph 5. above, the Medical Expense Limit is the most we will pay under Coverage C for all medical expenses because of "bodily injury" sustained by any one person.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

    20.    The liquor liability coverage in the Policy limits Century's obligation to pay for

covered damages as follows:

Page 14 -  PLAINTIFF'S COMPLAINT FOR
              DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

### SECTION III — LIMITS OF INSURANCE

**1.** The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

  **a.** Insureds;

  **b.** Claims made or "suits" brought; or

  **c.** Persons or organizations making claims or bringing "suits".

**2.** The Aggregate Limit is the most we will pay for all "injury" as the result of the selling, serving or furnishing of alcoholic beverages.

**3.** Subject to the Aggregate Limit, the Each Common Cause Limit is the most we will pay for all "injury" sustained by one or more persons or organizations as the result of the selling, serving or furnishing of any alcoholic beverage to any one person.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

**B.**    **Underlying Lawsuit**

21.    On or about September 30, 2016, Works filed a lawsuit captioned *Lee Works v. PTC, Inc.*, Oregon Circuit Court, Deschutes County, Cause No. 16CV32342 (the "Lawsuit"). Attached hereto as **Exhibit B** is a copy of the Complaint in the Lawsuit.

22.    In the Lawsuit, Works alleges that he suffered personal injuries during a bar fight that occurred late on October 1, 2014, and/or early October 2, 2014, at the Caldera Grille located at 932 Bond Street, Bend, Oregon 97702.

23.    PTC owned the Caldera Grille at the time of the bar fight referenced in the Lawsuit.

24.    In the Lawsuit, Works alleges that he and Chauncey Day were drinking alcohol at the Astro Lounge, a bar in Bend, Oregon, on October 1, 2014 and got into an altercation.

Page 15 -  PLAINTIFF'S COMPLAINT FOR
                DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

25.     Works alleges that he and Day were asked to leave the Astro Lounge as a result of the altercation.

26.     Works alleges that he and Day subsequently entered the Caldera Grille to continue drinking.

27.     Works alleges that he was a former employee at PTC as a bouncer at the Caldera Grille.

28.     Works alleges that he and Day were visibly intoxicated and that PTC continued to serve them alcohol.

29.     Works alleges that he and Day continued to become agitated with each other to the point that Day threw a pint glass against a wall, which shattered and struck a female patron at the bar.

30.     Works alleges that PTC's employee subsequently asked Works to remove Day from the Caldera Grille.

31.     Works alleges that he physically removed Day, but that Day returned to the Caldera Grille shortly thereafter.

32.     Works alleges that PTC's employee again asked Works to remove Day from the Caldera Grille.

33.     Works alleges that he again attempted to remove Day from the Caldera Grille, but in the course of doing so, a physical altercation occurred between Works and Day.

34.     Works alleges that he pushed Day out of the front door in an attempt to make him leave.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

35.     Works alleges that immediately thereafter, Day physically provoked Works into a fist fight.

36.     Works alleges that during the fight Day twice struck Works in the head twice with his fists causing Works to lose consciousness and fall to the ground where he struck his head on the sidewalk.

37.     Works alleges that the fight and his resulting injuries were reasonably foreseeable to PTC based on Day's and Works' level of intoxication and Day's agitation and aggression on the day of the incident.

38.     Works did not name Day as a defendant in the Lawsuit.

39.     Works alleges $1,500,000.00 in noneconomic damages and $1,173,576.50 in economic damages in the Lawsuit.

40.     Works brought claims against PTC for statutory liability – liquor liability law; negligence per se – liquor liability law; and common law negligence.

**C.     Century Agreed to Defend PTC Under Reservation of Rights**

41.     On or about April 28, 2017, Century sent a letter to PTC informing it that Century had received notice of the Lawsuit and that Century would provide PTC with a defense in the Lawsuit subject to a full reservation of rights as to coverage.  Attached hereto as **Exhibit C** is a copy of Century's April 28, 2017 letter.

**FIRST CAUSE OF ACTION:
DECLARATORY JUDGMENT – COMMERCIAL GENERAL LIABILITY
COVERAGE - OCCURRENCE**

42.     Century realleges each of the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

Page 17 -   PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

43.     The Policy provides commercial general liability coverage only for "bodily injury" that is caused by an "occurrence."

44.     The term "occurrence" is defined in the commercial general liability coverage in the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

45.     In the Lawsuit, Works alleges that his injuries were not caused by an accident, but by the intentional actions of himself and Day when they engaged in a fist fight and Day repeatedly hit Works in the head with his fists.

46.     Century is entitled to declaratory judgment that it owes no duty to defend or indemnify PTC in the Lawsuit under the commercial general liability coverage in the Policy because the alleged bodily injury was not caused by an occurrence.

**SECOND CAUSE OF ACTION:**
**DECLARATORY JUDGMENT – COMMERCIAL GENERAL LIABILITY**
**COVERAGE – EXPECTED OR INTENDED INJURY EXCLUSION**

47.     Century realleges each of the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48.     The commercial general liability coverage in the Policy excludes coverage under the expected or intended injury exclusion for "bodily injury" expected or intended from the standpoint of the insured.

49.     In the Lawsuit, Works alleges that his injuries were caused by the fight with Day where Day repeatedly hit Works in the head with his fists.

50.     Works also alleged that the fight between Works and Day, and the resulting injuries, were reasonably foreseeable to PTC based on Day's and Works' level of intoxication

Page 18 -  PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

and Day's agitation and aggression on the day of the incident at the time that PTC's employee allegedly asked Works to physically remove Day from the Caldera Grille.

51.     Century is entitled to declaratory judgment that it owes no duty to defend or indemnify PTC in the Lawsuit under the commercial general liability coverage in the Policy because the alleged bodily injury was expected or intended from PTC's standpoint.

### THIRD CAUSE OF ACTION:
### DECLARATORY JUDGMENT – COMMERCIAL GENERAL LIABILITY COVERAGE – LIQUOR LIABILITY EXCLUSION

52.     Century realleges each of the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53.     The commercial general liability coverage in the Policy excludes coverage under the liquor liability exclusion for "bodily injury" for which any insured may be held liable by reason of causing or contributing to the intoxication of any person; the furnishing of alcoholic beverages to a person under the influence of alcohol; or any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

54.     The liquor liability exclusion in the commercial general liability coverage in the Policy applies PTC because it was in the business of distributing, selling, serving and/or furnishing alcoholic beverages; and/or selling, providing, or making available alcoholic beverages as a regular part of its business or operations otherwise covered by the Policy.

55.     In the Lawsuit, Works alleges that he was injured during the fist fight with Day after PTC continued to serve them alcohol at the Caldera Grille despite the fact that Works and Day were visibly intoxicated.

Page 19 -   PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

6047056.1

56.     Works filed negligence claims against PTC for violation of Oregon state liquor laws and statutes, including ORS 471.410(1), (2); ORS 471.565; and ORS 471.412.

57.     PTC is in the business of distributing, selling, serving or furnishing alcoholic beverages to its customers, and sells and makes available alcoholic beverages as a regular part of its business and operations.

58.     The commercial general liability coverage in the Policy contains an endorsement indicating that PTC operated at tavern/bar and that between 30% to 75% of its total annual receipts were for the sale of alcoholic beverages.

59.     Century is entitled to declaratory judgment that it owes no duty to defend or indemnify PTC in the Lawsuit under the commercial general liability coverage in the Policy because the alleged bodily injury is excluded from coverage under the liquor liability exclusion.

**FOURTH CAUSE OF ACTION:**
**DECLARATORY JUDGMENT – COMMERCIAL GENERAL LIABILITY**
**COVERAGE – EMPLOYER'S LIABILITY EXCLUSION**

60.     Century realleges each of the allegations contained in Paragraphs 1 through 59 as if fully set forth herein.

61.     The commercial general liability coverage in the Policy excludes coverage for "bodily injury" to an "employee" of PTC arising out of and in the course of performing duties related to the conduct of PTC's business.

62.     The term "employee" is defined in the commercial general liability coverage in the Policy as including any "volunteer worker."

63.     The term "volunteer worker" is defined in the commercial general liability coverage in the Policy as "a person who donates his or her work and acts at the direction of and

Page 20 -   PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

within the scope of duties determined by you [PTC], and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you."

64.    In the Lawsuit, Works alleges that he was formerly employed by PTC as a bouncer/security position.

65.    Works alleges that PTC asked him to remove Day from the Caldera Grille after Day threw a glass.

66.    Works alleges that PTC also asked him to remove Day when Day attempted to return to the bar after Works had previously removed Day.

67.    Works does not allege that he was paid for removing Day, allegedly at the direction of PTC, on the night of the incident.

68.    Works alleges that his bodily injury occurred during the fist fight that took place when Works attempted to remove Day for a second time from the Caldera Grille, allegedly at the direction of PTC.

69.    Century is entitled to declaratory judgment that it owes no duty to defend or indemnify PTC in the Lawsuit under the employer's liability exclusion in the commercial general liability coverage in the Policy because the alleged bodily injury was sustained by Works while acting as an "employee" of PTC.

**FIFTH CAUSE OF ACTION:**
**DECLARATORY JUDGMENT – COMMERCIAL GENERAL LIABILITY**
**COVERAGE – CRIMINAL ACTS EXCLUSION**

70.    Century realleges each of the allegations contained in Paragraphs 1 through 69 as if fully set forth herein.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

6047056.1

71.    The commercial general liability coverage in the Policy excludes coverage for "bodily injury" arising out of or resulting from a criminal act committed by, or at the direction of, PTC.

72.    In the Lawsuit, Works alleges that PTC asked him to remove Day after he threw the glass and then again when he attempted to re-enter the bar.

73.    Works alleges that a fight ensued between Works and Day and that he was injured when Day hit Works repeatedly in the head.

74.    Works also alleges that he was injured during the fist fight that occurred after PTC continued to serve them alcohol at the Caldera Grille in violation of Oregon state liquor laws and statutes, including ORS 471.410(1), (2); ORS 471.565; and ORS 471.412.

75.    Century is entitled to declaratory judgment that it owes no duty to defend or indemnify PTC in the Lawsuit under the criminal acts exclusion in the commercial general liability coverage in the Policy because the alleged bodily injury was sustained as a result of criminal acts by, or at the direction of, PTC.

**SIXTH CAUSE OF ACTION:**
**DECLARATORY JUDGMENT – LIQUOR LIABILITY COVERAGE – EXPECTED OR INTENDED INJURY EXCLUSION**

76.    Century realleges each of the allegations contained in Paragraphs 1 through 75 as if fully set forth herein.

77.    The liquor liability coverage in the Policy excludes coverage under the expected or intended injury exclusion for "injury" expected or intended from the standpoint of any insured.

Page 22 -  PLAINTIFF'S COMPLAINT FOR
             DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

78.    The liquor liability coverage in the Policy contains a section titled "SECTION II – WHO IS AN INSURED" that provides that "Your 'employees'" qualify as an insured.

79.    The liquor liability coverage in the Policy defines "employee" as including any "volunteer worker."

80.    The liquor liability coverage in the Policy defines "volunteer worker" as "a person who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you."

81.    In the Lawsuit, Works alleges that he was formerly employed by PTC as a bouncer/security position.

82.    Works alleges that PTC asked him to remove Day from the Caldera Grille after Day threw a glass.

83.    Works alleges that PTC also asked him to remove Day when Day attempted to return to the bar after Works had previously removed Day.

84.    Works does not allege that he was paid for removing Day, allegedly at the direction of PTC, on the night of the incident.

85.    Works alleges that his bodily injury occurred during the fist fight that took place when Works removed Day from the Caldera Grille, allegedly at the direction of PTC.

86.    Works also alleged that the fight between Works and Day, and the resulting injuries, were reasonably foreseeable to PTC based on Day's and Works' level of intoxication and Day's agitation and aggression on the day of the incident at the time that PTC's employee asked Works to physically remove Day from the Caldera Grille.

Page 23 -   PLAINTIFF'S COMPLAINT FOR
                  DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

87.     Century is entitled to declaratory judgment that it owes no duty to defend or indemnify PTC in the Lawsuit under the liquor liability coverage in the Policy because the alleged injury was expected or intended from the standpoint of any insured, which includes both PTC and Works.

**SEVENTH CAUSE OF ACTION:**
**DECLARATORY JUDGMENT – LIQUOR LIABILITY COVERAGE – EMPLOYER'S**
**LIABILITY EXCLUSION**

88.     Century realleges each of the allegations contained in Paragraphs 1 through 87 as if fully set forth herein.

89.     The liquor liability coverage in the Policy excludes coverage for "bodily injury" to an "employee" of the PTC arising out of and in the course of performing duties related to the conduct of PTC's business.

90.     The term "employee" is defined in the liquor liability coverage in the Policy as including any "volunteer worker".

91.     The term "volunteer worker" is defined in the liquor liability coverage in the Policy as "a person who donates his or her work and acts at the direction of and within the scope of duties determined by you [PTC], and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you."

92.     In the Lawsuit, Works alleges that he was formerly employed by PTC as a bouncer/security position.

93.     Works alleges that PTC asked him to remove Day from the Caldera Grille after Day threw a glass.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

94.    Works alleges that PTC also asked him to remove Day when Day attempted to return to the bar after Works had previously removed Day.

95.    Works does not allege that he was paid for removing Day, allegedly at the direction of PTC, on the night of the incident.

96.    Works alleges that his bodily injury occurred during the fist fight that took place when Works removed Day from the Caldera Grille, allegedly at the direction of PTC.

97.    Century is entitled to declaratory judgment that it owes no duty to defend or indemnify PTC in the Lawsuit under the employer's liability exclusion in the liquor liability coverage in the Policy because the alleged bodily injury was sustained by Works while acting as an "employee" of PTC.

**EIGHTH CAUSE OF ACTION:**
**DECLARATORY JUDGMENT – LIQUOR LIABILITY COVERAGE – ASSAULT**
**AND BATTERY EXCLUSION**

98.    Century realleges each of the allegations contained in Paragraphs 1 through 97 as if fully set forth herein.

99.    The liquor liability coverage in the Policy excludes coverage for "bodily injury" arising out of or resulting from any actual, threatened or alleged assault or battery; the failure of any insured or anyone else for whom any insured is or could be held legally liable to prevent or suppress any assault or battery; and any other cause of action or claim arising therefrom.

100.    In the Lawsuit, Works alleges that his bodily injury occurred when Day repeatedly hit Works in the head with his fists.

101.    Oregon Courts have defined "battery" as "a voluntary act that is intended to cause the resulting harmful or offensive contact." *Bakker v. Baza'r, Inc.*, 275 Ore, 245, 249,

Page 25 -   PLAINTIFF'S COMPLAINT FOR
         DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

6047056.1

551 P.2d 1269, 1271 (1976); *Brown v. Far West Federal*, 66 Ore. App. 387, 390, 674 P.2d 1183, 1185 (1984).

102.    Oregon Courts have defined "assault" as "an intentional attempt to do violence to the person of another coupled with present ability to carry the intention into effect." *Cook v. Kinzua Pine Mills Co. et al.*, 207 Ore. 34, 48, 293 P.2d 717, 723 (1956).

103.    Day's punches to Works' head constitutes an assault and/or battery under Oregon law.

104.    Century is entitled to declaratory judgment that it owes no duty to defend or indemnify PTC in the Lawsuit under the assault and battery exclusion in the liquor liability coverage in the Policy because the alleged bodily injury arises out of and/or results from an actual, threatened or alleged assault or battery and/or the failure of PTC and Works to prevent or suppress any assault or battery.

## NINTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – POLICY LIMITS

105.    Century realleges each of the allegations contained in Paragraphs 1 through 104 as if fully set forth herein.

106.    The Policy has a $1,000,000 per occurrence policy limit and $2,000,000 general aggregate policy limit for commercial general liability coverage.

107.    The Policy has a $1,000,000 per occurrence and aggregate policy limit for liquor liability coverage.

108.    In the Lawsuit, Works alleges $2,673,576.50 in damages.

109.    Century is entitled to declaratory judgment that, only in the event that the Court finds indemnity coverage under the Policy, Century's obligation to provide indemnity coverage

Page 26 -   PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

is limited to the $1,000,000 per occurrence limit of the commercial general liability coverage or the $1,000,000 per occurrence limit of the liquor liability coverage and that Century owes no obligation to provide indemnity coverage to PTC above these policy limits.

110.    A justiciable controversy exists between Century and PTC with respect to their duties and obligations under the Policy to provide defense and/or indemnity coverage for the Lawsuit as set forth in Counts 1 through 9 above.

111.    As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## **PRAYER FOR RELIEF**

Century prays for the following relief:

1.    Declaratory judgment for Century that its owes no duty to defend PTC for the claims alleged in the Lawsuit;

2.    Declaratory judgment for Century that its owes no duty to indemnify PTC for the claims alleged in the Lawsuit;

3.    Declaratory judgment for Century that, only in the event that the Court finds indemnity coverage under the Policy, Century's obligation to provide indemnity coverage is limited to the $1,000,000 per occurrence limit of the commercial general liability coverage or the $1,000,000 per occurrence limit of the liquor liability coverage; and

4.    Such other and further relief as the Court deems just and equitable.

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

6047056.1

DATED this 2nd day of May, 2017.

s/ Eliot M. Harris OSB #116968
WILLIAMS, KASTNER & GIBBS PLLC
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967
*Attorneys for Plaintiff Century Surety Company*

Page 28 -  PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967

6047056.1